OPINION
Appellant, Wilfredo Aponte, Jr., appeals the May 7, 2001 sentencing entry of the Lake County Court of Common Pleas.
On January 19, 2001, appellant was indicted and charged with: one count of engaging in a pattern of corrupt activity, a felony of the first degree, in violation of R.C. 2923.32(A)(1); one count of complicity to trafficking in cocaine, a felony of the third degree, in violation of R.C. 2923.03(A)(2); two counts of trafficking in cocaine, felonies of the second degree, in violation of R.C. 2925.03; four counts of trafficking in cocaine, felonies of the third degree, in violation of R.C. 2925.03; two counts of trafficking in cocaine, felonies of the fourth degree, in violation of R.C. 2925.03; and one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11. On January 22, 2001, appellant waived his right to be present at the arraignment and entered a plea of not guilty to the charges.
On April 4, 2001, appellant appeared before the trial court, voluntarily withdrew his former plea, and entered a plea of guilty to: one count of engaging in a pattern of corrupt activity, a lesser included offense and a felony of the second degree; one count of trafficking in cocaine, a felony of the second degree; and four counts of trafficking in cocaine, felonies of the third degree. Upon a motion of the state of Ohio, the trial court dismissed the remaining counts. The trial court accepted the plea, and sentencing was continued for a later date so a presentence investigation could be completed.
A sentencing hearing took place on May 3, 2001. In a judgment entry dated May 7, 2001, the trial court ordered appellant to serve a prison term of seven years for engaging in a pattern of corrupt activity and for trafficking in cocaine, a second degree felony. The trial court also sentenced appellant to serve four years on each of the four counts of trafficking in cocaine, felonies of the third degree. The sentences were mandatory terms of imprisonment and were to be served concurrently to each other. Appellant received a credit of one hundred five days for time already served. He timely filed the instant appeal and now advances a single assignment of error:
 "The trial court erred when it sentenced appellant to prison terms greater than the minimum terms available."
In his sole assignment of error, appellant argues that the trial court erred by sentencing him to more than the minimum terms of imprisonment statutorily authorized for an offender with no prior felony convictions.
An appellate court will not reverse a sentence imposed by the trial court unless the appellant demonstrates that the lower court was statutorily incorrect or that it abused its discretion by failing to consider sentencing factors. State v. Jackson (Apr. 20, 2001), 11th Dist. No. 99-L-134, 2001 WL 409542, at 7. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157.
R.C. 2929.14(B) requires a sentencing court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In interpreting this requirement, the Supreme Court of Ohio has held that:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) State v. Edmonson, 86 Ohio St.3d 324, syllabus, 1999-Ohio-110. See, also, State v. Lane (Dec. 22, 2000), 11th Dist. No. 99-A-0067, 2000 WL 1876600, at 7.
Further, "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." (Emphasis added.) Edmonson, 86 Ohio St.3d at 326. In other words, a trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id.; State v.Rone (Dec. 4, 1998), 11th Dist. No. 98-A-0001, 1998 WL 964297, at 2 (holding that the findings mandated by R.C. 2929.14 "must appear somewhere on the record of sentence, either in the judgment or in the transcript of the sentencing hearing"). A sentence that merely repeats the language contained in R.C. 2929.14(B), without any consideration of the factors set forth in R.C. 2929.12(B), would be insufficient. Statev. Hunt (July 7, 2000), 11th Dist. No. 99-A-0033, 2000 WL 915104, at 2.
In the instant case, the trial court made the following findings as part of its sentencing exercise: appellant acted as part of an organized criminal activity; appellant did not cause harm to persons or property; appellant denies having a problem with alcohol and drug abuse; appellant has no genuine remorse; and there is a strong pattern of criminal activity, which indicates that recidivism is likely.
Furthermore, at the sentencing hearing, the trial court stated that "a minimum term would demean the seriousness of the offense and would not adequately protect the public." Moreover, the trial court also concluded that it found "the greatest likelihood to commit future crime on the part of this offender."
Thus, after reviewing the record, it is apparent that the trial court did specify, in accordance with Edmonson, not one, but both of the reasons listed in R.C. 2929.14(B) to support its deviation from the minimum sentence. The trial court mentioned the seriousness of appellant's conduct in deviating from the minimum sentence, and also concluded that the minimum sentence would not adequately protect the public from future crime by appellant.
For the foregoing reasons, appellant's lone assignment of error has no merit. The judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J. concur.